UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcelino Segura Palmer, Mexico, | ) ) ) |
| Petitioner, | ) ) Case No. 1:23-cv-00235 |
| v. | ) ) ) |
| Gabriela Rodriguez Gradilla, | ) ) |
| Respondent. | ) ) ) |

### STIPULATED AGREEMENT AND [PROPOSED] ORDER

Petitioner Marcelino Segura Palmer ("Petitioner" or "Segura"), by and through his undersigned counsel, and Respondent Gabriela Rodriguez Gradilla ("Respondent" or "Rodriguez"), by and through her undersigned counsel, (jointly "the Parties") have negotiated the following agreement to fully and finally resolve the Hague Petition for Return of Minor Child C.L.S.R. in the above-captioned matter and ask the Court to enter an order adopting this agreement.

1. The parties agree that Mexico has jurisdiction to determine all issues of parental and custodial rights related to C.L.S.R.

2. The parties acknowledge that Respondent has filed a proceeding in Guadalajara, Mexico regarding parental rights of C.L.S.R, Proceeding No. 1581/2021, and Petitioner has responded to that petition. Rodriguez is represented in that matter by attorney Omar Ceballos Ríos and Segura is represented in that matter by attorney Claudia Fregoso. The parties agree to participate in that litigation as directed by the court following all enforceable court orders at the advice of their respective Mexican counsel to determine parental rights and custody of C.L.S.R.

1

in accordance with the rights and customs of Mexican law. The parties shall enter an order in Mexico through their respective Mexican counsel as soon as reasonably possible after entry of the instant Stipulated Agreement and Order mirroring the terms reflected herein.

3. Petitioner represents that he has not filed and knows of no other legal proceedings in Mexico regarding C.L.S.R. The parties agree not to initiate any additional proceedings between the date this Stipulation is entered and the date C.L.S.R. returns to Mexico.

4. Petitioner will travel to Cincinnati, Ohio on [Redacted] As previously ordered by this Court, Respondent will bring C.L.S.R. to the offices of Guardian Ad Litem Barb Howard, [Redacted] within thirty minutes following dismissal from school, for an hour duration. On each date from [Redacted] Petitioner will pick and drop off C.L.S.R. up from [Redacted] will have visitation with her until [Redacted] (or a time to be cooperatively agreed upon by the Parties). The visitation shall take place in public locations such as museums, movie theaters, parks, shopping centers, public events, restaurants, or similar such locations. Neither Respondent nor anyone acting at her direction or on her behalf will interfere with the visitation in any manner. At the end of each scheduled visitation, Petitioner and Respondent will meet at a pre-determined public location to return C.L.S.R. to Respondent.

5. On or before December 7, 2023, Respondent will purchase a plane ticket for Petitioner to travel from [Redacted] on [Redacted] and plane tickets for Petitioner and C.L.S.R. to travel from [Redacted] the following day [Redacted] [Redacted] respectively). Respondent will provide documentation for all plane tickets to Petitioner by

2

email, through counsel, on or before December 7, 2023.[1] Respondent may also travel back to Mexico with Petitioner and C.L.S.R., but C.L.S.R. will return to Mexico accompanied by Petitioner no later than [Redacted] regardless of whether Respondent travels on that date or not. Respondent will not cancel or otherwise change the flights without permission by Petitioner. If Respondent has not purchased flights and confirmed the purchase to Petitioner and his counsel by December 7, 2023, then the December 9 exchange set forth in Paragraph 4 herein is excused, Petitioner may collect C.L.S.R.'s travel documents (defined below) from the court, and Petitioner may return to Mexico with C.L.S.R. on [Redacted] or such other date of his choosing. In the event that prior to C.L.S.R.'s return to Mexico the parties have an in-person court date scheduled in Guadalajara, Mexico within fourteen (14) after the date of travel with the minor child, parties will fly be permitted to [Redacted]

6. As there is no hearing date presently set in the case in Guadalajara, Petitioner and C.L.S.R. will reside in [Redacted] Mexico until an order related to parental rights and custody is entered by a court in Mexico. If either party desires to move to another part of Mexico before an order is entered by the Mexican court, the parties agree to cooperate and consult with each other to determine where C.L.S.R. will reside, or to direct their Mexican counsel to negotiate such an agreement. The parties will also cooperate and consult with each other to discuss and complete enrollment of the minor child in school in Mexico. If Respondent elects to travel to Mexico, the parties will work cooperatively to establish a time-sharing plan for C.L.S.R. until an order related to parental rights and custody is entered by a court in Mexico. The parties acknowledge that this agreement does not bind either party to permanently reside in [Redacted] Mexico.

---

[1] [Redacted] Mexico. Petitioner agrees to [Redacted] as the airport most reasonable for travel accommodations; Petitioner and C.L.S.R. will travel to [Redacted] by car upon arrival to Mexico.

3

7. Respondent will not remove C.L.S.R. from Mexico unless and until expressly permitted to do by Mexican court order.

8. From **Redacted** through **Redacted** (whichever date Petitioner arrives back in the United States), C.L.S.R. will have daily communication with Petitioner by video-call, text messaging from C.L.S.R.'s own phone, or phone calls. For that same period of time, both Respondent and C.L.S.R. will turn on the location-sharing feature on their cell phones to share their locations with Petitioner in order to confirm their locations in Cincinnati, Ohio, and will leave the location sharing on until C.L.S.R.'s arrival in Mexico. Respondent will not remove C.L.S.R. from Cincinnati, Ohio, or a fifteen-mile radius therefrom, between the entry of this stipulation through the date C.L.S.R. returns to Mexico.

9. Respondent will not interfere in any way with the daily communication between C.L.S.R. and Petitioner, and will facilitate open, positive communication. The parties agree to refrain from speaking negatively about one another to C.L.S.R. and to discourage any other individual from doing so in the presence of C.L.S.R.

10. From the date of this agreement until the last business day in which the court is open before Petitioner and C.L.S.R.'s flight to Mexico, the court shall hold C.L.S.R.'s travel documents (to include any Mexican passport, American passport, and Permanent Resident card) and Respondent's passport. Respondent represents that her husband, Christopher Reed, does not have a passport. If Respondent is not travelling with C.L.S.R. to Mexico, Respondent shall provide all of C.L.S.R.'s travel documents to Petitioner (prior to departure), who shall retain them until further order of the Mexican court. In the event that Respondent is travelling with C.L.S.R., Respondent shall retain C.L.S.R.'s travel documents for the purposes of travel to Mexico.

11. No part of this agreement is to be interpreted in any way to be assent of Petitioner to C.L.S.R. remaining in the United States. The agreements made herein are made for the sole purpose of facilitating the agreement to return C.L.S.R. to Mexico and to submit to the jurisdiction of that country.

12. Upon C.L.S.R.'s return to Mexico as set forth herein, the parties shall promptly file with this Court a stipulation of dismissal of the instant matter.

13. The parties shall each be responsible for their respective attorney's fees in and costs in connection with this litigation and neither party shall be permitted to seek attorney's fees and costs from the other party in connection with this litigation.

Entered into by the parties, through their undersigned counsel, on this 2nd day of December, 2023,

*Marcelino Segura*
_____
**Marcelino Segura Palmer**
**Petitioner**

*Gabriela Rodriguez Gradilla*
_____
**Gabriela Rodriguez Gradilla**
**Respondent**

/s/ *Chandra Napora*
_____
Chandra Napora (Ohio Bar No. 0092866)
Jonathan Lischak (Ohio Bar No. 0097669)
Jillian Estes (*pro hac vice*)
MORGAN VERKAMP, LLC
4410 Carver Woods Dr., Suite 200
Cincinnati, OH 45242
Tel: (513) 651-4400
chandra.napora@morganverkamp.com
jonathan.lischak@morganverkamp.com
jillian.estes@morganverkamp.com

**Counsel for Petitioner**
**Marcelino Segura Palmer**

/s/ *Anthony G. Joseph*
_____
Anthony G. Joseph (*pro hac vice*)
Erin E. Masters (*pro hac vice*)
MASTERS LAW GROUP LLC
30 N. LaSalle Street, Suite 2250
Chicago, IL 60602
Tel: (312) 609-1700
Fax: (312) 893-2002
ajoseph@masters-lawgroup.com
erinmasters@masters-lawgroup.com

**Counsel for Respondent**
**Gabriela Rodriguez Gradilla**

5

## **ORDER**

Pursuant to the parties' stipulation, the terms and conditions set forth in Paragraphs 1 through 13 of the foregoing are SO ORDERED.

_____
The Honorable Judge Matthew McFarland
United States District Judge